Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSELINE SANTIAGO MÁRQUEZ | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas |
|---|---|---|
| Recurrida | | |
| V. | KLCE202500528 | Caso Núm.: GM2023CV01009 |
| XPERT'S LLC ANTES XPERT'S INC. | | Sobre: Despido Injustificado (Ley Núm. 80) y otros |
| Peticionaria | | |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de agosto de 2025.

La peticionaria, XPERT´S LLC solicita que revisemos la denegatoria del Tribunal de Primera Instancia (en adelante, TPI o foro primario) al desestimar sumariamente la demanda presentada en su contra al amparo del proceso sumario de la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.* (en adelante, Ley Núm. 2).

La recurrida, señora Joseline Santiago Márquez (en adelante, Santiago Márquez) presentó su oposición al recurso.

**I**

Los hechos pertinentes para atender este recurso son los siguientes:

La señora Santiago Márquez presentó una querella contra la peticionaria al amparo del procedimiento sumario establecido en la Ley Núm. 2.[1] La recurrida adujo que la peticionaria la despidió injustificada y discriminatoriamente de su empleo, porque estaba embarazada. La peticionaria negó las alegaciones en su contra y

---

[1] Apéndice III del *Recurso de Certiorari*, págs. 13-23.

adujo que la recurrida abandonó el empleo y violó la política de la empresa.[2] Posteriormente, presentó una moción de sentencia sumaria, en la que alegó que la recurrida tuvo un patrón de ausentismo crónico e injustificado a su regreso de las vacaciones por maternidad y que abandonó el trabajo.[3] Por su parte, la recurrida adujo que existían controversias de hecho y derecho que imposibilitaban dictar sentencia sumaria. La recurrida alegó que la peticionaria la despidió en represalia, porque presentó una querella en su contra en el Departamento del Trabajo por incumplir con el pago del período de maternidad.

Luego de varios asuntos procesales, el TPI denegó la solicitud de sentencia sumaria del peticionario.[4] No obstante, determinó que no existía controversia sobre los siguientes hechos. La recurrida trabajó para la peticionaria desde el 28 de agosto de 2017 al 6 de mayo de 2019, mediante contrato sin tiempo determinado. La peticionaria se dedica a proveer servicio de mantenimiento entre otros, a distintos clientes incluyendo al Departamento de Educación. La recurrida fue asignada a proveer los servicios de mantenimiento en la Escuela Elemental El Coquí del municipio de Salinas. El señor Jorge L Colón González era el director escolar de esa escuela. La recurrida trabajaba a jornada parcial, veinte horas semanales de 1:00 a 5:00 de la tarde de lunes a viernes. Las funciones de supervisión las realizaba el director escolar, porque su supervisor Félix Ocasio, no estaba todos los días en la escuela.[5]

El foro primario también determinó los hechos a continuación. La peticionaria es una agencia de empleo a la que le interesa acomodar empleados en las escuelas, porque cobra a base de la cantidad de reclutados. La recurrida tenía que limpiar las

---

[2] Apéndice XII del *Recurso de Certiorari*, págs. 35-47.
[3] Apéndice XVIII del *Recurso de Certiorari*, págs. 60-114.
[4] Apéndice II del *Recurso de Certiorari*, págs. 2-12.
[5] Íd., pág. 3, determinaciones de hecho 1-8.

oficinas, el vestíbulo, los baños y las áreas verdes, desinfectar las superficies, recoger basura y pasar el mapo y la escoba. Durante el mes de junio del 2018, informó a su supervisor que estaba embarazada. El 20 de febrero de 2019 dio a luz a su hija. Durante el año 2018, no recibió ninguna amonestación. El 30 de enero de 2019 entregó un certificado médico a su supervisor para solicitar las vacaciones por maternidad. Su fecha aproximada de parto era el 14 de febrero de 2019 y en esa fecha también presentó una querella en la Unidad Antidiscrimen del Departamento del Trabajo, alegando discrimen por embarazo. La recurrida alegó en la querella que el peticionario no le pagó la licencia por maternidad.  El 20 de febrero de 2019, la recurrida recibió el pago de su maternidad en un cheque del 18 de febrero de 2019. El 5 de marzo de 2019, la recurrida desistió de la reclamación de discrimen. El 14 de marzo de 2019 la Unidad Antidiscrimen cerró el caso, porque la recurrida desistió con perjuicio.[6]

Otros hechos que constan en la determinación recurrida son los siguientes. El 6 de mayo de 2019 la recurrida recibió una acción disciplinaria por un patrón de ausencias. A esa fecha no estaba embarazada. La amonestación tenía fecha del 23 de abril de 2019. La recurrida conocía que debía notificar a su supervisor con anticipación sobre sus ausencias y que ausentarse tres días consecutivos sin justificación significaba un abandono de trabajo y podía conllevar acciones disciplinarias incluyendo el despido. El peticionario no informó a la recurrida en la acción cuantos días iba ser suspendida, ni la fecha de regreso al empleo. Su último día de trabajo fue el 6 de mayo de 2019. A esa fecha no estaba embarazada. El 5 de noviembre de 2019, la recurrida presentó una segunda querella de discrimen por sexo y represalias contra la peticionaria.

---

[6] Íd., págs. 3-4, determinaciones de hecho 9-20.

El 19 de julio de 2022 la Unidad Antidiscrimen del Departamento del Trabajo determinó causa probable de discrimen el empleo bajo la causal de sexo y represalias.[7]

No obstante, el TPI resolvió que no podía adjudicar sumariamente, si el patrono despidió a la recurrida discriminatoriamente por sexo y embarazo, o si el despido se debió a un ausentismo injustificado. El foro primario determinó que estaba impedido de dictar sentencia sumaria, porque existía controversia sobre: (1) la persona a la que debía reportarse la recurrida y con potestad para determinar que no realizaba su trabajo adecuadamente, debido a que la señora Santiago Márquez declaró que su supervisor era Félix Ocasio, pero se reportaba al plantel; (2) la primera amonestación que recibió la peticionaria era suficiente para despedirla; (3) si la peticionaria fue despedida o abandonó el empleo; (4) la fecha en que la peticionaria debía regresar a trabajar; (5) si el despido obedeció a su querella ante la Unidad Antidiscrimen y (6) porque el patrono no aplicó la disciplina progresiva.[8]

El foro primario determinó que en esta etapa procesal era imposible resolver, si la recurrida abandonó el empleo o fue despedida. El TPI llegó a esa conclusión, porque la amonestación por ausentismo no establecía claramente si la recurrida fue suspendida y de ser así por cuanto tiempo. Además, que la señora Santiago Márquez alegó que estaba esperando que la llamaran para reinstalase al trabajo. El TPI dio por hecho que la recurrida no estaba embarazada su último día de trabajo y de aparente despido. No obstante, concluyó que la recurrida demostró elementos que debían evaluarse en un juicio plenario, porque era probable que

---

[7] Íd., págs. 4-5, determinaciones de hecho 21-29.
[8] Íd., pág. 5.

hubiese sido despedida en represalia por la primera querella que presentó en la Unidad Antidiscrimen.

Por último, el TPI advirtió que la recurrida tenía que probar en un juicio plenario, si su despido fue por embarazo y sexo, con evidencia de que participó en una acción legalmente protegida y que fue subsiguientemente despedida, amenazada o discriminada por su patrono. Igualmente instruyó que al patrono le correspondía alegar y fundamentar una razón legítima y no discriminatoria para el despido. Según el TPI, la recurrida tenía que demostrar que la razón que alega el patrono es un pretexto. El TPI declaró NO HA LUGAR la petición de sentencia sumaria del peticionario y la solicitud de juicio por jurado de la recurrida y dictó Sentencia Parcial conforme a la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V[9]

Inconforme, el peticionario presentó este recurso en el que alega que el TPI:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SALINAS AL ABUSAR DE SU DISCRECION Y DETERMINAR QUE NO PROCEDE DICTAR SENTENCIA SUMARIA PARA DESESTIMAR LAS CAUSAS DE ACCION INSTADAS POR LA QUERELLANTE AL:
>
> 1. ACOGER Y CONSIDERAR LA OPOSICIÓN PRESENTADA POR LA QUERELLANTE, CUANDO ESTA FUE PRESENTADA FUERA DE TERMINO Y EN CRASO INCUMPLIMIENTO CON LA REGLA 36.3 DE PROCEDIMIENTO CIVIL.
>
> 2. SEÑALAR COMO HECHOS EN CONTROVERSIA, HECHOS QUE HABÍAN SIDO ACOGIDOS COMO INCONTROVERTIDOS TANTO POR LA PARTE QUERELLANTE, COMO POR LA PARTE QUERELLADA E INCLUSO POR EL PROPIO TRIBUNAL.
>
> 3. SEÑALAR COMO HECHOS EN CONTROVERSIA, HECHOS NO PERTINENTES PARA LA RESOLUCIÓN FINAL DE LAS CAUSAS DE ACCION INSTADAS POR LA QUERELLANTE.
>
> 4. FUNDAMENTAR ÚNICAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA SU DECISIÓN EN LA EXISTENCIA DE ELEMENTOS SUBJETIVOS O

---

[9] Íd., pág. 12.

DE INTENCION, LOS CUALES NO AMERITAN EN ESTE CASO LA CELEBRACIÓN DE UN JUICIO.

## II

### A. El certiorari

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local, definió el certiorari como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido.[10] La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare v. Mun. de Las Piedras I,* 206 DPR 391, 403 (2021), *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). La característica principal del certiorari es la discreción que tiene el tribunal para atenderlo. Discreción que ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al., supra*, pág. 210.

Por su parte, la Regla 52.1 de Procedimiento Civil, *supra,* establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la Regla 52.1 de Procedimiento Civil, *supra,* el recurso de certiorari solamente será expedido:

> ....
> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,

---

[10] Véase también 32 LPRA sec. 3491.

asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.  Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Superado el análisis jurisdiccional de la referida regla, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 de su Reglamento, 4 LPRA Ap. XXII-B, establece los criterios que debería considerar el foro para determinar si procede ejercer su discreción y expedir el auto de certiorari. El texto de la regla citada es el siguiente.

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Puntualizamos que, no se favorece la revisión de asuntos interlocutorios en ausencia de los criterios antes mencionados. *800 Ponce de León v. AIG, supra*, págs.175-176; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esto por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso el que se permita recurrir de las diversas resoluciones que recaen en los diversos actos del foro primario entorpeciendo la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016).

Por último, es pertinente enfatizar que se ha resuelto que el denegar la expedición de un auto de certiorari no constituye una adjudicación en los méritos, sino que "es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). La parte afectada con la denegatoria a expedirse el auto de certiorari, tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro primario. *Negrón Placer v. Sec. de Justicia*, 154 DPR 79, 93 (2001); *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

**B.  El uso del Certiorari en el Procedimiento Sumario Laboral.**

De ordinario, la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral y, por lo tanto, la facultad de los tribunales apelativos al revisar dichas resoluciones es limitada. *Díaz Santiago v. PUCPR et al.,* 207 DPR 339, 348 (2021); *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 498 (1999).  No obstante, dicha norma no es absoluta.  El Tribunal Supremo de P.R. reconoció, en el caso de *Ortiz v. Holsum,* 190 DPR 511 (2014), la jurisdicción de los foros apelativos para

revisar la denegatoria a una moción de sentencia sumaria, dictada en un caso acogido al proceso sumario de la Ley Núm. 2. El patrono en el antedicho caso solicitó revisión de la denegatoria del TPI a una moción de sentencia sumaria. El Tribunal, recordó que, en *Dávila, Rivera v. Antilles Shipping, Inc, supra*, enumeró las excepciones que permiten revisar las resoluciones interlocutorias dictadas en los casos al amparo de Ley Núm. 2. Las excepciones reconocidas son las siguientes: (1) cuando el foro primario actuó sin jurisdicción, (2) situaciones en las que la revisión inmediata dispondría del caso por completo y, (3) cuando la revisión tenga el efecto de evitar una grave injusticia. El tribunal aplicó la segunda excepción y atendió el recurso, porque el patrono, solicitó una sentencia sumaria mediante la cual se podría disponer del caso por completo. *Ortiz v. Holsum, supra*, pág. *517*. Es en estas contadas circunstancias que el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2 ceden y los foros apelativos pueden revisar determinada resolución interlocutoria. *Díaz Santiago v. PUCPR et al., supra*, pág. 349.

**III**

El peticionario solicita que revisemos la denegatoria del Tribunal de Primera Instancia a desestimar sumariamente la querella presentada al amparo del procedimiento sumario laboral. La Regla 52.1 de Procedimiento Civil, *supra,* nos autoriza a intervenir con la denegatoria del TPI a una moción de carácter dispositivo. El Tribunal Supremo de Puerto Rico también nos autoriza a intervenir, vía excepción en los casos de Ley Núm. 2cuando nuestra revisión podría disponerse del caso en su totalidad.

No obstante, habiendo examinado el expediente en su totalidad determinamos no intervendremos en esta etapa procesal

con la decisión del TPI de no desestimar sumariamente la demanda de despido injustificado, discrimen por sexo y represalias.

**IV**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari.*

Notifíquese

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones